IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BRIAN SPARKS,

    Plaintiff,

v.

LOUISWILLIAM LLC and JOHN S RAY,

    Defendants.

Case No. 5:23-cv-00415-MTT

## CONSENT MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants, LOUISWILLIAM LLC and JOHN S RAY, ("Defendants"), by and through their undersigned counsel, respectfully moves for an extension of time up to and including December 29, 2023, for Defendant to answer, move or otherwise respond to Plaintiff's Complaint, and states the following in support:

1. On or about October 20, 2023, Plaintiff filed a Complaint (Doc 1).

2. On or about November 8, 2023, Defendant was served with the Complaint, making the response deadline November 29, 2023 (Doc. 4).

3. Counsel for the Defendant was retained on November 19, 2023, and is now in the process of intaking and reviewing Defendant's files relevant to the underlying litigation.

4. On November 30, 2023, counsel for Defendant contacted Plaintiff's counsel and requested that Plaintiff consent to an extension on the Answer that was due on November 29, 2023.

5. Plaintiff's counsel consented to the relief requested.

6. In order to fully investigate and formulate an appropriate response(s) to the Complaint and explore the possibility of early resolution, counsel for Defendants respectfully request a brief extension of time, up to and including December 29, 2023, for Defendant to respond to Plaintiff's Complaint. Furthermore, counsel for the Parties will seek to determine if an amicable resolution is available.

7. This extension is not being sought for purposes of delay, nor will this brief extension prejudice any party to the litigation.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 6(b)(1)(B) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: … on motion made after the time has expired if the party failed to act because of excusable neglect."  "Upon motion made, Rule 6(b)(1)(B) permits a post-deadline filing extension 'for good cause,' if the party failed to act because of "excusable neglect.'" *Lujon v. Nat'l Wildlife Fed'n*, 498 U.S. 871, 896 (1990).  In determining whether a late filing constitutes excusable neglect, the Eleventh Circuit considers the

four factors set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.,* 507 U.S. 380, 395 (1993). These factors include:

>(1) the danger of prejudice to the opposing party;
>(2) the length of the delay and its potential impact on judicial proceedings;
>(3) the reason for the delay, including whether it was within the reasonable control of the movant; and
>(4) whether the movant acted in good faith.

*GSR Mkts. Ltd. v. McDonald*, 593 F. Supp. 3d 1208, 1215 (N.D. Ga. 2022) (citing *Pioneer*, 507 U.S. at 395); *Safari Programs, Inc. v. CollectA Int'l Ltd*, 686 F. App'x 737, 744 (11th Cir. 2017).  "[T]he determination of excusable neglect is an equitable one that should take into account the totality of the circumstances surrounding the party's omission." *Id*.

Here, considering the *Pioneer* factors, the Defendant's request for an extension of the deadline to answer after the expiration of the deadline is based on good cause.  First, the case is at the very earliest stage, so there is no prejudice to Plaintiff and the length of delay is minimal (less than 30 days).  Defendant moreover have acted promptly to request an extension and to prevent any further unnecessary delay.  Finally, the request for an extension is made in good faith and not intended to cause undue delay.  Defendant seeks an extension to allow their counsel to properly review their files and adequately and accurately respond to Plaintiff's Complaint.

For these reasons, Defendant requests the Court extend the deadline to respond to the Complaint.

WHEREFORE, Defendant respectfully requests an extension of time up to and including December 29, 2023, for Defendant to answer, move or otherwise respond to Plaintiff's Complaint.

Dated this 1st day of December 2023.

> Respectfully submitted,
> SPIRE LAW, LLC
> 2572 W. State Road 426, Suite2088
> Oviedo, Florida 32765
>
> By:*/s/ Ian Smith*
> Ian Smith, Esq.
> Georgia Bar No. 661492
> ian@spirelawfirm.com
> margarita@spirelaw.com
> filings@spirelawfirm.com
> ***Attorneys for Defendants.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

> */s/ Ian Smith*
> Attorney