IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BRIAN SPARKS,

    Plaintiff,

v.

LOUISWILLIAM LLC and JOHN S RAY,

    Defendants.

Case No. 5:23-cv-00415-MTT

## DEFENDANT LOUISWILLIAM LLC'S[1] ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, LOUISWILLIAM LLC, ("Defendant"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 8 and 12, answer the Complaint (Doc. 1) filed by Plaintiff, Brian Sparks ("Plaintiff"), and assert defenses and affirmative defenses as follows:

### INTRODUCTION AND NATURE OF ACTION

1. Defendant admits Plaintiff worked for Defendant from or about August 9, 2022, until July 21, 2023, but denies Plaintiff was a Supervisor for Defendant. Plaintiff worked as Maintenance Technician.

2. Defendant denies the allegations in Paragraph 2 of the Complaint.

---

[1] As of the filing of this Answer, Defendant John S. Ray has not been served.

1

3. Defendant admits that Plaintiff brings this suit against Defendant for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 207 et al. ("FLSA") but denies Plaintiff's entitlement to any relief.

## JURISDICTION AND VENUE

4. Defendant admits the Court may exercise its jurisdiction over Plaintiff's claims.

5. Defendant admits that venue is proper.

## PARTIES

6. Defendant is without sufficient knowledge or belief to admit or deny the allegations as to Plaintiff's residency and, therefore, denies the allegations in Paragraph 6 of the Complaint.

7. Defendant admits Plaintiff worked for Defendant from or about August 9, 2022, until July 21, 2023, but denies Plaintiff was a Supervisor for Defendant. Plaintiff worked as Maintenance Technician.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant admits the allegations in Paragraph 11 of the Complaint.

12. This Paragraph sets forth a legal conclusion for which Defendant cannot admit or deny and therefore denies the allegations in Paragraph 12 of the Complaint.

13. Defendant admits they are employers and employed Plaintiff. The remaining allegations set forth a legal conclusion for which Defendant cannot admit or deny and therefore denies the allegations in Paragraph 13.

14. This Paragraph sets forth a legal conclusion for which Defendant cannot admit or deny and therefore denies the allegations in Paragraph 14 of the Complaint.

15. This Paragraph sets forth a legal conclusion for which Defendant cannot admit or deny and therefore denies the allegations in Paragraph 15 of the Complaint.

16. This Paragraph sets forth a legal conclusion for which Defendant cannot admit or deny and therefore denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Complaint.

19. Defendant admits the allegations in Paragraph 19 of the Complaint.

20. Defendant admits that Defendant Ray was Plaintiff's "employer" within the meaning of FLSA, but denies the remaining allegations in Paragraph 20 of the Complaint.

## STATEMENT OF FACTS

21. Defendant admits the allegations in Paragraph 21 of the Complaint.

22. Defendant admits Plaintiff worked for Defendant from or about August 9, 2022, until July 21, 2023, but denies Plaintiff was a Supervisor for Defendant. Plaintiff worked as Maintenance Technician.

23. Defendant denies the allegations in Paragraph 23 of the Complaint alleging that Plaintiff worked as a Maintenance Supervisor.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 24 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant admits Plaintiff generally informed Eric Jordan when he arrived and departed work, but denies the remaining allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant is without sufficient knowledge or belief to admit or deny the allegations and, therefore, denies the allegations in Paragraph 33 of the Complaint.

34. Defendant admits the allegations in Paragraph 34 of the Complaint.

www.spirelawfirm.com
Employment Attorneys

35. Defendant admits the allegations in Paragraph 35 of the Complaint.

36. Defendant admits the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

## COUNT I:
## Willful failure to Pay Overtime Wages in Violation of the FLSA
## (Asserted by Plaintiff against both Defendant)

41. This Paragraph sets forth a legal conclusion for which Defendant cannot admit or deny and therefore denies the allegations in Paragraph 41 of the Complaint.

42. This Paragraph sets forth a legal conclusion for which Defendant cannot admit or deny and therefore denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant admits the allegations in Paragraph 44 of the Complaint.

45. Defendant admits the allegations in Paragraph 45 of the Complaint.

46. This Paragraph sets forth a legal conclusion for which Defendant cannot admit or deny and therefore denies the allegations in Paragraph 46 of the Complaint.

47. This Paragraph sets forth a legal conclusion for which Defendant cannot admit or deny and therefore denies the allegations in Paragraph 47 of the Complaint.

www.spirelawfirm.com
Employment Attorneys

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

## PRAYER FOR RELIEF

In response to WHEREFORE Paragraph following Paragraph 55 of the Complaint, Defendant denies all factual allegations and denies that Plaintiff is entitled to any relief in this action. Defendant also denies that there are any claims to be tried by a jury.

## GENERAL DENIAL

All allegations in the Complaint not expressly admitted are denied.

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

www.spirelawfirm.com
Employment Attorneys

## SECOND DEFENSE

If any of the unlawful acts and omissions alleged in the Complaint were engaged in by Defendant, which Defendant vigorously denies, they did not engage in such acts or omissions knowingly, intentionally or willfully, and therefore, Plaintiff' claims for liquidated damages are barred.

## THIRD DEFENSE

Plaintiff's claims are barred to the extent he seeks payment of wages not owed.

## FOURTH DEFENSE

In all material respects, Defendant acted in good faith in its dealings with Plaintiff.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches, unclean hands, or estoppel.

## SIXTH DEFENSE

Plaintiff cannot establish either individual or enterprise coverage under the Fair Labor Standards Act.

## SEVENTH DEFENSE

Defendant cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

Dated this 29th day of December 2023.

> Respectfully submitted,
> SPIRE LAW, LLC
> 2572 W. State Road 426,
> Suite2088
> Oviedo, Florida 32765
>
> By:/s/ Ian Smith
> Ian Smith, Esq.
> Georgia Bar No. 661492
> ian@spirelawfirm.com
> margarita@spirelaw.com
> filings@spirelawfirm.com
> ***Attorneys for Defendant.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

> /s/Ian E. Smith
> Attorney